NEW ORLEANS, DECEMBER, 1869. 745

Mrs. George W. Pritchard v. A. J. Parker.    A. J. Gaudin, Intervenor.

No. 2358.—Mrs. George W. Pritchard v. A. J. Parker. A. J. Gaudin, Intervenor.

An allegation of damages, unsupported by evidence on trial in the court below, will not be considered in estimating the amount in controversy necessary to give the appellate court jurisdiction.

APPEAL from the Fifth District Court for the parish of Orleans. Leaumont, J. McGloin & Kleinpeter, for plaintiff and appellee. G. Fernandez, for intervenor, appellant.

Taliaferro, J. The plaintiff and appellee moves to dismiss the appeal in this case on the following grounds:

1. That the intervenor, who appeals, has fictitiously set up a claim of two hundred dollars damages, in order to show, together with the amount in dispute (four hundred and fifty dollars), a sum sufficiently large to entitle him to appeal.

2. Appellant has not pointed out in his motion those he intends to make appellees.

3. Danflons, the bondsman of intervenor upon the injunction bond, and condemned in solido with him in damages, has not been made a party.

4. There is no one before this court as appellee.

5. Danflons, the surety on the injunction bond, is surety on the appeal bond, and, therefore, the appeal bond is insufficient.

6. This appeal was taken by motion in open court. The judge has failed to fix the amount of the security, nor caused the same to be entered on the minutes of the court.

The intervenor claims a piano seized among the furniture of the defendant. He alleges the piano to be worth four hundred and fifty dollars, and claims two hundred dollars damages caused him by the alleged illegal seizure. He has made no effort whatever to prove damages to any amount. We can but consider the amount of damages in this case as a subterfuge and evasion, resorted to to give this court jurisdiction of a case which, legally and constitutionally, it does not possess

Entertaining this view of the case, it is unnecessary to examine the other points in the motion to dismiss. See 9 An. p. 3; 10 An. 282; 16 L. R. 182; 4 An. 213; 6 An. 735.

It is therefore ordered, that this appeal be dismissed at the cost of appellant.